# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: MR. JUSTICE SEAMUS P.       : No. 430
MCCAFFERY OF THE SUPREME       :
COURT OF PENNSYLVANIA       : Judicial Administration Docket

## DISSENTING STATEMENT

**MADAME JUSTICE TODD**

I strenuously dissent.

It is obvious from recent events that our Court is embroiled in turmoil and needs to act immediately. My disagreement with the majority of the Court is with respect to what action we should take.

The crisis in which we find ourselves is marked by fact-laden accusations, alleged impropriety, and obvious acrimony. This is precisely the type of conflict — perhaps the prototypical conflict — for which the citizens of our Commonwealth, in response to a similar controversy over two decades ago, constitutionally created the independent Judicial Conduct Board and the Court of Judicial Discipline.

While the basis for my position is procedural and I express no view on the merits, there is no question in my mind that this matter, including the question of suspension, should be immediately referred to the Judicial Conduct Board for expedited treatment, and, if appropriate, for trial and resolution by the Court of Judicial Discipline.

Yet, today, based upon unvetted claims and allegations, a majority of our Court, one of whom is deeply involved in this controversy, has suspended a fellow Justice. No independent investigative body has made any findings regarding merits or credibility,

and, unlike the suspension of Justice Joan Orie Melvin, no formal criminal proceedings have been instituted.

Every day, this Court is charged with according due process to litigants, and we faithfully carry out that constitutional obligation. Even a Justice is entitled to due process.